[No. 1045, August 31, 1909.]

# UNITED STATES OF AMERICA, Appellee, v. MARIANO F. SENA, Appellant.

## SYLLABUS (BY THE COURT.)

1. The bill of exceptions in a criminal case must under C. L. Sec. 896, be settled and signed by the trial judge not less than ten days before the term of this court at which said cause shall be first docketed, unless the judge shall by order extend the time for settling such bill of exceptions.

2. Such order extending the time must, to be effectual, be made during the time the court could act upon such bill of exceptions without such order, to-wit, not less than ten days before the first day of such term.

3. Where an appeal is docketed to one term of this court and is thereupon dismissed and a second appeal sued out to the succeeding term, the former is the term at which said cause is first docketed within the meaning of Section 896, and a bill of exceptions settled after ten days before such term will be stricken out unless an order made at least ten days before such term has enlarged the time for settling such bill of exceptions.

4. The Act of March 21, 1901, (L. 1901, Chap. 99), while extending the time for perfecting the record in certain cases, does not enlarge the time for settling bills of exception, which still remain governed by C. L. Sec. 896.

5.  Requested instructions refused in a criminal case do not become a part of the record by virtue of C. L. Sec. 2997, providing that "all instructions demanded must be filed and shall become a part of the record." To become subject to review they must be made a part of the record by bill of exceptions.

6.  The allocutus is not necessary in criminal cases not capital.

Appeal from the First Judicial District Court before JOHN R. McFIE, Associate Justice. Affirmed.

JOHN H. KNAEBEL and F. W. CLANCY for Appellant.

The appeal was taken within one year from the date of the final judgment of the district court. Laws 1901, ch. 99.

Not being taken thirty days before the first day of January term 1903, the appeal was returnable at January term, 1904, C. L. 1897, secs. 896, 3140; Blyen v. U. S. 13 Wall. 595; E. & A. Enc., 2 ed. 750, and notes; Gurnee v. Patrick Co., 137 U. S. 141; Railroad v. Grant, 98 U. S. 398, 401, 403; Green v. Bush, 72 Fed. 299, 79 Fed. 349.

The indictment as to the alleged forgeries was much too narrow to justify the broad scope of the proofs and the charge. U. S. Rev. St., sec. 5421; Bishop on Statutory Crimes, secs. 244, 383; People v. General Session, 13 Hun. 394, at 400, 401; Reg. v. Garrett, 1 Deans C. C. 232; Russell on Crimes, 618, note B; Roscoe's Crim. Ev., 7 ed. 473; State v. Lewis, 26 Kans. 123, 129, 130; Kennedy v. State, 34 Ohio St. 310-315; 11 Neb. 313; 53 Kas. 324, 327; 108 N. C. 432.

It is competent to prove a system of fraud by showing the concoction by the accused of other instruments analogous of those in the indictment. Crandall v. White, 164 Mass. 54; Forole v. Child, 164 Mass. 210; Bollomley v. U. S., 1 Story 1350.

Acts connected with the act in question are frequently receivable to prove psychological facts, such as intent. K. v. Weeks, 1 Leigh, etc., 18; R. v. Wylie, 2 Leach 983; R. v. Garner, 3 F. & F. 681; R. v. Geering, 18 L. J. Mc.

U. S. v. Sena.

218; R. v. Frances, L. Rep. 2 C. C. 128-131; Commonwealth v. Robinson, 146 Mass. 571-577; Wiggins v. Day, 9 Gray 97; Lynde v. McGregor, 13 Allen 172; Jordan v. Osgood, 109 Mass. 457; Haskins v. Warren, 115 Mass. 514; Horton v. Weiner, 124 Mass. 92; Com. v. White, 145 Mass. 392. But such evidence was not admissible to prove that the bills in issue were forged. Costelo v. Crowell, 139 Mass. 588. Other cases constituting exceptions to the general rule. Com. v. Stone, 14 Met. 43; Com. v. Bigelow, 8 Met. 235. And for the purpose of showing guilty knowledge. Regina v. Francis, L. R., 2 C. C. 128; Regina v. Roebuck, Dearsley & Bell 24. And to show criminal intent. Rec. v. Ellis, 6 B. & C. 145; Com. v. Tuckerman, 10 Gray 173; Com. v. Shepard, 1 Allen 575; Regina v. Richardson, 2 F. & F. 343; Com. v. Eastman, 1 Cush. 189; Rex. v. Roberts, 1 Camp. 399; Com. v. Bradford, 126 Mass. 42; Com. v. Abbott, 130 Mass. 472; Com. v. McCarty, 119 Mass. 354; Com. v. Merriam, 14 Peck 518; State v. Wallace, 9 N. H. 515; Thayer v. Thayer, 101 Mass. 111; Regina v. Oddy, 5 Cox C. C. 210; Barton v. State, 18 Ohio 221; Com. v. Wilson, 2 Cush. 590; State v. La Page, 57 N. H. 245; Regina v. Holt, 8 Co. C. C. 411. Evidence of other forgeries is inadmissible. People v. Corbin, 56 N. Y. 363; Coleman v. The People, 55 N. Y. 81.

In an indictment for forgery, the forgery charged must be proven directly. People v. Corbin, 56 N. Y. 363; 2 Bishop Crim. Proc., sec. 428, and vol. 1, sec. 1124. Not so in charging an uttering as a crime. Com v. Jackson, 132 Mass. 18; 1 Bishop, Crim. Proc., secs. 1120, 1124, 1126; and see Cross v. N. C., 132 U. S. 131, 138. As to expert testimony. Withamp v. U. S. C. C. of Ap. 8 C., Dec. 29, 1903.

W. B. CHILDERS, U. S. Attorney, and W. C. REID, Assistant U. S. Attorney, for Appellee.

The only statute fixing the time within which appeals in criminal cases must be taken is sec. 3406, C. L. 1897. Ex-parte McCardle, 7 Wallace; Railroad Co. v. Grant, 98 U. S.; U. S. v. Haynes, 9 N. M. 519; Terri-

tory v. Hall, 67 Pac. 732; Ferris v. Higley, 20 Wall. 375; Hornbuckle v. Tombs, 18 Wall. 648; Bent v. Thompson, 138 U. S. 114; Greeley v. Winson, 1 S. D. 618-631; U. S. v. Boisdores Heirs, 8 How. 113; McNulty v. Batty, 10 How. 72; Norris v. Crocker, 13 How. 429; Insurance Co. v. Ritchie, 5 Wall. 541; The Assessors v. Osbornes, 9 Wall. 567; U. S. v. Tynen, 11 Wall. 88; DeLernas v. U. S. 107 Fed. Rep. 121.

The indictment charged everything necessary to constitute a crime. Bishop's Directions and Forms, sec. 458; Bishop's Criminal Procedure, sec. 419; Com. v. Butterick, 100 Mass. 12-18; People v. Clements, 26 N. Y. 193; U. S. v. Bejando, 1 Wood 294; Gentry v. State, 6 Ga. 503; U. S. v. Staats, 8 Howard 41; U. S. v. Reese, 4 Sawyer 629; U. S. v. Albert, 45 Fed. Rep. 552; U. S. v. Kissell, 62 Fed. 59; U. S. v. Hansie, 79 Fed. 303; U. S. v. Moore, 60 Fed. 738. As to other indictments in similar cases. Stockladger v. U. S., 116 Fed. 569; U. S. v. Neal, 118 Fed. 706.

It is not necessary that the indictment should allege the person whom the accused intended to defraud in cases of this character. U. S. v. Jolly, 35 Fed. 497; U. S. v. Bejano, 1 Woods 294; Federal Cases No. 14,461, vol. 24.

It is immaterial whether the money to be obtained from the United States was to be obtained directly or indirectly, provided it was the purpose of the defendant unlawfully to procure the same. U. S. v. Lawrence, 13 Blatch. 211; U. S. v. Hartman, 65 Fed. 490.

The instructions must be looked at as a whole, and their bearing upon all the evidence introduced in the case considered. U. S. v. Densmore, 75 Pac. 31; Territory v. Garcia, 75 Pac. 34.

As to evidence of other forgeries, and similar acts on the part of defendant. Wharton's Crim. Ev., secs. 30-40, 45.

Where several crimes are intermixed or blended with each other or connected so that they form an indivisible criminal transaction. Underhill on Crim. Ev., sec. 38.

On forgery and uttering forged instruments where intent and motive are in issue. 62 L. R. A., No. 2 pam-

phlet, pp. 247-257; 1 Starkie on Ev. 220; 1 Phillips on Ev., Cowen, pp. 179, 180; 2 Phillips on Ev., p. 452; King v. Wiley, 4 Bof. and Pul. 92; U. S. v. Wood, 16 Peters 360; Castle v. Bullard, 23 Howard 172; U. S. v. Snyder, 14 Fed. 554; Claflin v. Lincoln, 7 Wallace 132; Insurance Co. v. Armstrong, 117 U. S. 591; Penn. Mutual Life Ins. Co. v. Mechanics Savings Bank, 72 Fed. 432; Mudsell Mining Co. v. Watrous, 61 Fed. 180; Black v. Assurance Soc., 4 C. P. Div. 94; Mason v. State, 42 Ala. 532; Lankford v. State, 33 Fla. 241; Stel v. People, 45 Ill. 132; State v. Folwell, 14 Kas. 88; Underhill Crim. Ev., secs. 422, 423, 442; State v. Myers, 82 Mo. 558; State v. Cooper, 85 Mo. 256; State v. Bayne, 88 Mo. 604; State v. Balk, 136 Mo. 103; Baynes v. Christian, 30. Mo. App. 198; State v. Wentworth, 37 N. H. 212; Trogden v. Commonwealth, 31 Gratton 862; Wharton's Criminal Law, sec. 649; State v. Kelley, 65 Vt. 63.

It is every day practice to admit proof of this character to show intent on the trial of persons charged with counterfeiting. Spurr v. U. S., 87 Fed. Rep. 710; Com. v. Hall, 21 Pick. 515; Com. v. White, 145 Mass. 392; Allis v. U. S., 155 U. S. 17; Clune v. U. S., 159 U. S. 590; Alexander v. U. S., 138 U. S. 353, 62 L. R. A., No. 2, pamphlet, p. 224; Holmes v. Goldsmith, 150 U. S. 57; People v. Bedleman, 104 Cal. 608; State v. Kelley, 65 Vt. 532; Lindsey v. State, 35 Ohio State 512; Guthrie v. State, 16 Neb. 668; Territory v. Myer, 24 Pac. 183; Underhill on Crim. Ev., sec. 88; Wharton on Crim. Ev., sec. 30; 1 Bishop on Crim. Proc., sec. 1125.

Unless papers and documents are included in the bill of exceptions before it is signed by the judge, they cannot be considered. Dunlap v. Monroe, 7 Cranch. 242; 1 Rose's Notes 512; Lewis v. Baca, 5 N. M. 294; Leftwich v. Lecann, 4 Wall. 187; Tuscoloom v. Logan, 50 Ala. 503; Parsons v. Woolward, 73 Ala. 348; Hatch v. Potter, 7 Ill. 725; 4 Am. Dec. 88; France v. Bank, 3 Wyo. 187; 18 Pac. 748; Byrne v. Clark, 31 Ill. App. 651; Niagara Fire Ins. Co. v. DeGroff, 12 Mich. 10.

As to the admissibility of false and contradictory statements. People v. McKenney, 10 Mich. 97. As to ex-

pert testimony. Jones on Evidence, secs. 564, 565; Holmes v. Goldsmith, 147 U. S. 150; Sire v. Echlhaire Air Brake Co., 137 U. S. 557; 3 Cyc. Law and Proc., p. 303; 62 L. R. A., No. 2, pamphlet, p. 357.

Authorities cited by appellee on motion to strike bill of exceptions from files and dismiss appeal. 3 Cyc. of Law and Proc., pp. 37, 38; Michigan Ins. Bank v. Eldred, 143 U. S. 293; Evans Bros. v. Baggs, 4 N. M. 67; U. S. v. Haynes, 9 N. M. 519; Thompson on Trials, sec. 2812; 102 Fed. 590; Nelson v. U. S., 30 Fed. 113; State v. Chastain, 104 N. C. 900; 10 S. E. 519, 520; U. S. v. Curry, 6 How. 606; Morgan's Louisiana, etc., Co. v. Texas Central Ry. Co., 32 Fed. 525; Generes v. Bonnemer, 7 Wall. 464; Avendano v. Gray, 8 Wall. 317; Ray v. Hixon, 62 N. W. 922; Evans v. Ins. Co., 54 Wis. 522; Sutherland on Statutory Construction, secs. 165-168; Sedgwick Con. St. and Com. Law, 109-111; Endlich Interpretation of Stat., secs. 478-480; Ex-parte McCardle, 7 Wall. 514; U. S. v. Boisdore's Heirs, 8 How. 113; McNulty v. Batty. 10 How. 72; Norris v. Crocker, 13 How. 429; Ins. Co. v. Richie, 5 Wall. 541; 6 Rose's Notes 1024; Manley v. Olney, 32 Fed. 708; Campbell v. Iron Silver Min. Co., 83 Fed. 645.

### STATEMENT OF THE CASE AND OPINION OF THE COURT

POPE, J.—The appellant was indicted for forgery and altering two certain forged instruments in violation of Section 5421 of the United States Revised Statutes. He was found guilty on September 11, 1902, upon all four counts of the indictment. Sentence was imposed on September 15, 1902, upon which day he took an appeal, which by operation of law became returnable to the January, 1903, term of this court, which began on January 7, 1903. No bill of exceptions was presented to the trial judge or settled before that term. On January 5, 1903, Sena filed in this court a paper signed by his counsel reading as follows:

"In the Supreme Court of the Territory of New Mexico,

January Term, A. D., 1903.
The United States of America, Appellee,
    vs.                              No. 1009:
Mariano F. Sena, Appellant.

Appeal from District Court, First Judicial District.

Now comes the above named appellant, Mariano F. Sena, and dockets this his appeal from the judgment and decree of the District Court of the First Judicial District of the Territory of New Mexico, in that certain cause numbered —— on the docket of said court, wherein the United States of America, was plaintiff, and the said Mariano F. Sena was defendant; rendered on the —— day of September, A. D., 1902, against the above named appellant, sentencing him to the territorial penitentiary for the period of one year and one day in each count for each of the four counts in the said cause."

On the same day he filed under the same caption as the foregoing the following motion:

"Dismissal of Appeal.

Now comes Mariano F. Sena, the appellant in the above entitled cause by his attorney, Catron & Gortner, and says that he will not further prosecute his said appeal, but dismisses the same, for the purpose of taking a new appeal, from the District Court of the First Judicial District, to review the judgment appealed from in said above entitled cause."

On December 24, 1903, he presented his bill of exceptions to the trial judge, by whom on the same day it was signed and settled. The order settling the bill of exceptions was as follows:

"Now on this 24th day of December, 1903, comes Mr. H. S. Clancy, attorney for the defendant, and submits to the court the above proposed bill of exceptions, and requests that the same be signed and settled as required by law. And now comes also the United States by

her Attorney W. B. Childers, Esq., and objects to the signing and settling of the above bill of exceptions, upon the ground that the statute under which the appeal in this case was docketed and dismissed and a second appeal sued out is silent as to the bill of exceptions, and does not extend the time within which the same may be signed. Which said objection is by the court overruled; to the overruling of which objection, the United States by her said District Attorney, duly excepts. And because the foregoing contains material matter not apparent upon the face of the record, the foregoing defendant's bill of exceptions is hereby allowed as a part of the record in this case, and is signed and settled as such record by the undersigned, presiding judge, before whom said cause was tried."

On December 26, 1903, the transcript of record was filed and the cause thereby became docketed as number 1045. Thereupon, a motion to suppress the bill of exceptions was filed and also a motion to dismiss the appeal. The latter was upon hearing sustained by a majority opinion of this court. Sena v. U. S., 12 N. M. 397.

Upon appeal by the defendant to the United States Circuit Court of Appeals for the Eighth Circuit this decision was reversed and the cause remanded to this court "with direction to proceed in the exercise of jurisdiction over the subject matter of the appeal." Sena v. U. S., 147 Fed. 485. In deciding the case the court expressly confined its holding to the determination of the propriety of the dismissal of the appeal and in terms reserved for the primary determination of this court all other questions raised by the record. We quote from the opinion as follows:

"Whether the bill of exceptions contained in the record was not timely made and approved by the proper judge, as suggested on behalf of the government, or whether there be any reversible error on the face of the record outside of the bill of exceptions, the Supreme Court of the Territory did not decide. Primarily, these questions should be considered and determined by that court, and until then we ought not to be asked to consider them."

We therefore deem all questions save the one above

named left .open for the decision of this court, and shall accordingly proceed to determine them, dealing first with the motion of the government to strike out the bill of exceptions.

This last in brief is predicated upon an alleged lack of power in the trial judge to settle the bill of exceptions on December 25, 1903, and whether such existed, is of course to be decided by the terms of the statute then regulating the settling of bills of exception in criminal cases. At common law, exceptions were taken at the time of the alleged erroneous ruling or decision and the bill was presented, settled, signed and sealed before verdict or before the jury was discharged. 3 Cyc. 37. The modern federal practice has permitted such to be settled at any time during the trial term but not after, unless under extraordinary circumstances or within additional time fixed by express order made during the trial term. Michigan Bank v. Eldred, 143 U. S. 293, and cases cited. In this Territory the matter was at an early date liberalized by statute. By the Act of 1880 (Chap. 10, Sec. 6) appearing as Section 2198 of the Compiled Laws of 1884, it was provided that "bills of exception must be settled and signed within thirty days after the judgment is entered unless the court or judge shall enlarge the time." In connection with this statute was a rule of this court requiring the appellant to prepare and serve a copy of his bill of exceptions upon the appellee or his attorney within ten days after judgment, unless the time be extended by the court. These provisions, the latter requiring preparation and service of the bill of exceptions upon the opposite party within ten days, the former requiring its settling and signing within thirty days after judgment, remained the law until 1889, when the provisions compiled as Section 896 of the Compiled Laws of 1897, were enacted. While there has been other legislation relative to civil cases the section last cited was the only one in force regulating the matter of bills of exceptions in criminal cases at the dates material to this inquiry. We accordingly proceed to consider the terms of Section 896.

This first abrogates the rule of this court above re-

ferred to by providing that it shall no longer be necessary to prepare or serve the opposite party with a bill of exceptions within ten days after judgment. Proceeding to declare what shall be the practice it provides: (1) That the party appealing shall prepare and present the intended bill of exceptions to the trial judge "at any time *within* twenty days before the first day of the term of the Supreme Court in which the said cause shall be docketed." We agree with the appellant's counsel in his designation of the word, "within," above used, as "a legislative pleonasm," used by the legislature doubtless in repetition of the more intelligible language of the pre-existing statute of 1880, *supra,* requiring settling *"within* thirty days after the judgment." We agree further with the view of counsel for the government that the words "at any time within twenty days" are to be construed as meaning "at any time in not less than twenty days," and that this portion of the statute thus requires preparation and presentation of the bill of exceptions to the trial judge at least twenty days before the first day of the term of this court to which the case is returnable. Section 896 further provides: (2) That the party appealing shall give his opponent five days' notice of his intention to present the bill of exceptions to the judge, thus in effect requiring notice of such presentation to the opponent at least twenty-five days before the first day of the Supreme Court term. Section 896 further provides: (3) That after such notice the opposite party shall have five days to propose amendments to such bill of exceptions, giving notice to the opposite party of the time when such amendment will be proposed. The effect of this provision is thus to require all amendments to be proposed not less than twenty days before the first day of the term. The section further provides: (4) That the time i. e. five days—for proposing the bill, and the time—i. e. five days—for proposing the amendments may be at any time before or after its expiration enlarged by the judge. The scope of this discretion will be presently noticed. It further provides: (5) That the judge shall settle and sign the bill of exceptions at least ten days before the term of the Supreme Court in

which the cause shall be first docketed, unless (6) for cause satisfactory to him he should delay the same, in which event he shall settle and sign the same as soon as possible. The limitations upon the exercise of this discretion will likewise be presently considered. The statute further provides: (7) That in case the bill of exceptions should not be settled by the time required for the filing of the record in the Supreme Court, i. e. "ten days before the first day" of the term (C. L. 3140), such record may be filed at any time within ten days after such bill of exceptions shall be settled. The remaining provisions of the section are not here material, one simply providing that one day's notice shall be given on hearing before the bill of exceptions is settled and signed, and the other providing that the act shall not apply to causes docketed prior to December 28, 1888.

We deem it clear from the language of this section 896 that the bill of exceptions must be settled and signed not less than ten days before the Supreme Court term and that the term which fixes the settling is the term "in which the cause shall be *first* docketed." We so conclude because the statute so says. We must assume that the legislature advisedly used the word "first." It was evidently intended to cover cases where parties having sued out an appeal to one term of court dismissed such appeal and secured a writ of error returnable to a second term; or similarly sue out a second writ of error returnable to a later term on dismissal of the first returnable to the prior term; or similarly sue out a second appeal upon dismissal of an earlier one returnable to a previous term. Each of these was permissible at the time of the passage of the Act of 1889 and subsequent thereto, subject only to the condition that the second appeal or writ of error must be sued out within a year, and in the case of appeals before the expiration of the trial term. The purpose of this provision, as of the common law and of the federal practice was evidently to guard, in settling bills of exceptions, against unnecessary delay resulting from successive appeals and writs of error. While the act of 1889 made the terms of this court, instead of the date of the judg-

ment, the relative point from which settling bills of exceptions should run, we cannot assume that it lost sight of the importance in the interest of accuracy of an early settlement of such bills. We believe that by the use of the words "term in which said cause shall be *first* docketed" it intended to guard against the evils which would follow from the settling of the bill after the dismissal of one or more appeals or writs of error. If it be said that this could not have been the purpose of the act since an appellant might accomplish the same thing by a delay in suing out his appeal until approximately the end of the year for taking such, it need only be recalled that this contingency is rendered improbable by the desirability of supersedeas, which of course could only be obtained after taking of the appeal. The wisdom of this rule is emphasized in the present case by the criticisms of both parties upon the incompleteness of the belated bill of exceptions certified in the record before us.

Applying these views to the present case the appellant's cause was "first docketed" in this court in January 1903, when as we have seen, to avoid an affirmance at the instance of the government under C. L. 3140, he docketed his appeal as case 1009, and thereupon dismissed it for the purpose of suing out a new appeal. His bill of exceptions was not settled until nearly twelve months later. It was therefore settled out of season.

We consider this view of the statute much more nearly in accord with the principles surrounding the settling of bills of exceptions than the construction urged by counsel to the effect that it refers to cases where a cause having been for any reason stricken from the docket is subsequently re-instated. In such cases as the last there is no first and second docketing, as in the case of successive appeals or writs of error, but simply a restoration to the docket under the same number.

It is urged, however, that even conceding the correctness of this view Section 896 gives the trial judge a wide discretion as to the matter of time and his settling the bill of exceptions in December, 1903, over objection is to be deemed by relation an enlargement of the time to the

extent necessary to validate his acts. The provisions of Section 896 above numbered for convenience as four, six and seven, are relied upon to sustain this contention. As to provision four, however, we consider that as permitting the enlargement of the time for *presenting* bills of exception or amendments thereto. It does not relate at all to the *settling* of such bills or the enlargement of the time therefor. That is fully covered by provision six. That the exercise of the discretion given by provision four is thoroughly consistent with the preservation in full vigor of provision five will be apparent from the reflection that even if the appellant delay until the last day, which as we have seen is the twenty-fifth, the giving of notice of presenting his bill five days later, there is still left a margin of ten days before the judge must settle the bill, for the exercise of the discretion given by provision five. Neither is the present case altered by provision six that the judge shall settle at least ten days before term "unless for cause satisfactory to him he should delay the same in which event he shall settle and sign the same as soon as possible." This permits the judge by an order made before the tenth day previous to the term has passed to "delay" the signing for such time as he may see fit. But that is not the present case. The trial judge here did not delay either by act or order settling the bill of exceptions; he never saw it until nearly a year later, when he settled it the same day it was presented. This act was prompted by the highest of motives, the desire to give the appellant the privilege of review of a highly penal sentence. It was none the less unauthorized by law. The only valid order which the judge could make enlarging the time for settling the bill of exceptions was one during the time which the law fixed for settling such bills. An order of settlement a year after cannot be held to relate back, but was simply ineffectual and void. Neither does provision seven have the effect contended for. That relates to the record and not to the bill of exceptions, and simply provides that when the signing of the bill of exceptions has been delayed under order as permitted by provision six to a time less than ten days be-

fore the term, the filing of the record may be similarly delayed. This is designed to harmonize with and to prevent default under Section 3140 which requires the record to be filed at least ten days before the term.

We may add that these are no new doctrines in this court. In Evans Bros. v. Baggs, 4 N. M. 69, this court, speaking through Associate Justice Brinker, construed Section 2198 of the Compiled Laws of 1884, *supra,* requiring bills of exceptions to be settled within thirty days after judgment, unless the court or judge should enlarge the same. It is there stated: "The proper practice is for the appellant to comply strictly with the letter of the law. If he ascertains that this will be impossible, he must make seasonable application to the judge for further time and if he shows satisfactory reasons why this indulgence should be granted, it will not be refused. But, in order to obtain this enlargement, he must apply for it *before the time limit prescribed has expired.* It is not in the power of the judge to enlarge the fixed periods unless asked to do so while the parties are presumed to be before him and the cause is under his control."

In Haynes v. United States, 9 N. M. 519, decided in 1899, and thus since section 896 became law, it was stated: "In appeals in criminal cases it is necessary to file in the office of the clerk of the Supreme Court at least ten days before the first day of the court to which such appeal is returnable a transcript of the record and proceedings. A district judge signing and sealing a bill of exceptions at a later date than authorized by statute exceeds his authority and on motion the bill of exceptions will be stricken from the record."

In Territory v. Hall, 11 N. M. 273, it was held that under section 896, bills of exceptions must be settled and signed ten days before the term of the Supreme Court in which the cause shall be first docketed unless for good and sufficient reasons the time therefor has been extended, and that such extension of time cannot be granted after ten days before the term in which the cause was first to be docketed.

These conclusions are also sustained by the decisions of the Supreme Court of the United States. . As we have seen it is the practice of the federal courts that bills of exceptions shall be settled during the trial term unless the time be enlarged by express order. It is however, a settled rule of the federal Supreme Court that such extension must be by order made during the trial term and that an extension thereafter is ineffectual. Muller v. Ehlers, 91 U. S. 249; Michigan Bank v. Eldred, 143 U. S., 293-298; Moss v. Anderson, 150 U. S. 156 and cases cited.

It is further urged, however, that the practice created by Section 896 was changed by the Act of March 21, 1901, L. 1901, Chap. 99. We do not, however, concur in that view. That Act provides as follows:

"Sec. 1. In all causes finally determined in any of the District Courts of this Territory, and an appeal or writ of error has been or may be sued out or taken to review said cause in the Supreme Court of the Territory, the appellant or plaintiff in error shall have the right to docket such appeal or writ of error at any time before a motion by appellee or defendant in error to docket and affirm judgment. When such cause shall be docketed by the appellant or plaintiff in error, the record may be perfected within thirty days thereafter, or the said appeal or writ of error may be dismissed by such appellant or plaintiff in error filing with the clerk of the Supreme Court a written dismissal, and thereafter at any time such appellant or plaintiff in error may take a new appeal or sue out a writ of error anew in said cause, provided the same be so taken or sued out within one year from the date of the judgment sought to be reviewed became final."

. It is extremely doubtful if that Act conferred any additional rights upon an appellant. The right to docket his appeal in advance of a motion to dismiss a former by his adversary was already his under the decisions of this court and of the Federal Supreme Court. Armijo v. Abeytia, 5 N. M. 533; Evans v. State Bank, 134 U. S. 130. His pre-existing right to dismiss his appeal and sue out another appeal if taken during the trial term, or writ

of error if taken within a year, seems equally clear. The only possible efficacy of the act was in the fact that it gave him thirty days additional to perfect his record. There is nowhere in the act any reference to the bill of exceptions. Since an appeal may be prosecuted either with or without a bill of exceptions, the additional time to perfect simply the record left the matter of the bill of exceptions to be governed by Section 896, the pre-existing law.

We are of the opinion therefore that since this case was first docketed to the January, 1903, term, and since the bill of exceptions should have been settled ten days before that term, and since it was not settled until December 24, 1903, nearly a year later, the motion to strike out the bill of exceptions must be sustained.

This leaves for our consideration only errors apparent upon the record proper. It is urged that this shows three grounds for reversal. It is urged first that the court erred in refusing certain instructions requested by the defendant and in giving other instructions of its own motion. But instructions either refused or given are not according to ordinary rules a part of the record proper. This is not denied by counsel, but it is contended that the general rule as to refused instructions has been changed in this Territory by C. L. 2997, which provides that "all instructions demanded must be filed and shall *become a part of the record.*" It is contended that the concluding language of this section makes refused instructions a part of the record without a bill of exceptions, and thus a proper matter for cognizance in this case. A sufficient answer to this is the fact that this court has in terms decided otherwise. In Rogers v. Richards, 8 N. M. 666, it was held that the above quotation from Section 2997 meant simply that demanded instructions became a part of the files of the case but cannot be considered a part of the record proper until they come into a bill of exceptions duly settled. We cannot therefore consider the requests to charge in the absence of a bill of exceptions, and this allegation of error must therefore be held untenable.

It is further urged that the instructions given by the

court—some of them alleged to be erroneous—are before us for review by virtue of the Act of 1907, (Chap. 57, Sec. 22) passed since the original hearing of the case. This Act provides that "all papers regularly filed in a cause with the clerk of the District Court shall be considered a part of the record proper." But even assuming the Act of 1907 to be applicable, we are unable to hold that the instructions are properly before us. What purport to be these are contained only in an irregularly settled bill of exceptions, one which we have held must be stricken out. These alleged instructions are not verified by the clerk in any proper manner and are not shown even to have been filed in the clerk's office below so as to bring them within the letter of the Act of 1907. Further, no certificate of the clerk or judge establishes that they were ever properly excepted to. For these reasons we cannot consider them.

It is urged in the second place that the record proper shows error in that it does not appear that the defendant was present at the time of sentence. A supplemental transcript certified to this court, however, pursuant to the practice sanctioned in Borrego v. Territory, 8 N. M. 488, shows that the defendant was present at time of sentence; so that this ground of appeal is not sustained by the record.

The third assignment of error is upon the ground that the record does not show that before sentence the defendant was interrogated as to whether he had anything to say in his behalf. The absence of the allocutus we do not, however, consider error in a case of this character. While such is necessary in capital cases (Territory v. Herrera, 11 N. M. 129), it is not in other felonies, (Jones v. State, 51 Miss. 718; State v. Ball, 27 Mo. 324; Bressler v. People, 117 Ill. 444; Harris v. People, 130 Ill. 457; Dodge v. State, 24 N. J. L. 464; 1 Bish. New Cr. Pro. 1293; 19 En. P. & Pr. 455, 458).

Finding no error in the case so far as it is properly before us, the judgment is accordingly affirmed.

Associate Justices Cooley and Mechem not having heard the arguments took no part in this decision.