SENA v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. February 26, 1912.)

No. 3,427.

*(Syllabus by the Court.)*

1. CRIMINAL LAW (§ 1092*)—BILL OF EXCEPTIONS—TIMELY SETTLEMENT—STRICKEN WHEN TOO LATE.

A statute of New Mexico provided that a bill of exceptions should be settled and signed by the trial judge at least 10 days before the term of the Supreme Court in which the cause should be first docketed, unless for cause satisfactory to him he should delay the same and that in that event he should settle and sign it as soon as possible. Comp. Laws 1897, § 896. An appeal was docketed in January, 1903, for the term commencing January 7, 1903. There was no evidence of any delay of the settlement of the bill of exceptions, or of any extension of time therefor by any order of, or for any cause satisfactory to, the judge, and the only proof was that it was submitted to and settled by him on December 24, 1903.

*Held*, the bill of exceptions was settled too late, and it was properly stricken from the record.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2829, 2834–2861, 2919; Dec. Dig. § 1092.*]

2. CRIMINAL LAW (§ 1092*)—APPEAL—DOCKETING AND DISMISSING BY APPELLANT—NO TRANSCRIPT REQUISITE IN NEW MEXICO.

A rule of the Supreme Court of New Mexico directed the clerk to enter cases upon the docket in the order in which the transcripts in appeals and the præcipes in cases presented by writs of error were filed, and a statute provided that at any time before a motion by appellee to docket and affirm the judgment the appellant might docket and either perfect his record within 30 days thereafter or dismiss his appeal and take another. Laws 1901, c. 99, § 1.

*Held*, the appellant had the right to docket and dismiss his appeal without filing a transcript of the record, and where he did so, and then took a new appeal, his cause was first docketed under his first appeal, and it was too late first to settle his bill of exceptions more than 11 months after that docketing.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2829, 2834–2861, 2919; Dec. Dig. § 1092.*]

In Error to the Supreme Court of the Territory of New Mexico. Mariano F. Sena was convicted of forgery, and brings error. Affirmed.

See, also, 147 Fed. 485, 78 C. C. A. 27.

Frank W. Clancy, for plaintiff in error.

D. J. Leahy and S. B. Davis, Jr., for the United States.

Before SANBORN, HOOK, and ADAMS, Circuit Judges.

SANBORN, Circuit Judge. This writ questions the affirmance by the Supreme Court of the Territory of New Mexico of a sentence for forgery and for altering certain forged instruments. The alleged error upon which reliance is placed for reversal is the order of the Supreme Court which struck out the bill of exceptions. In the absence of the rulings and exceptions recorded in that bill, the record here discloses

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

no error. The plaintiff in error appealed to the Supreme Court of New Mexico from the trial court on September 15, 1902, and by operation of law that appeal was returnable to the January, 1903, term of that court, which opened on January 7, 1903. No bill of exceptions was submitted to or settled by the trial judge until December 24, 1903. Rule 6 of the Supreme Court of New Mexico (107 Pac. viii) declared that the clerk should enter causes upon the docket in the order in which the transcripts in cases brought up by appeal or the præcipes for writs in cases brought up by writs of error were filed. The statutes of New Mexico provided that a party might prepare a bill of exceptions at any time not less than 20 days before the first day of the term in which his cause was docketed, that he should give five days' notice of his intention to present his bill for settlement, and the opposite party should have five days thereafter to prepare amendments and the judge should settle and sign the exceptions "at least ten days before the term of the Supreme Court in which said cause shall be first docketed, unless for cause satisfactory to him he should delay the same, in which event he shall settle and sign the same as soon as possible, * * * and should any bill of exceptions not be settled before the time required for the filing of the record in the Supreme Court, such record may be filed in the Supreme Court within ten days after said bill of exceptions shall be settled" (Statutes of New Mexico 1897. § 896); that where an appeal had been taken to the Supreme Court of the Territory the appellant should "have the right to docket such appeal * * * at any time before a motion by appellee * * * to docket and affirm the judgment"; and that when such cause should be docketed by the appellant he might perfect the record within thirty days thereafter, or might dismiss the appeal by filing with the clerk a written dismissal, and then might thereafter, within one year from the date of the judgment take another appeal. Laws of New Mexico 1901, c. 99, § 1. Under this statute Sena filed with the clerk of the Supreme Court of New Mexico on January 5, 1903, two papers signed by his counsel, in one of which he declared that he docketed his appeal, and in the other that he dismissed it, and thereafter he took a new appeal to the Supreme Court of New Mexico. That court struck out the bill of exceptions, because it was not settled and signed ten days before the cause was first docketed and the trial judge had not delayed the settlement for a cause satisfactory to him. United States v. Sena, 15 N. M. 187, 106 Pac. 383.

[1] Counsel for the plaintiff in error argues that this ruling was erroneous, because the trial judge had discretionary power for cause satisfactory to him to delay the settlement of the bill of exceptions after ten days before January 7, 1903, the first day of the term at which the cause was first docketed, and hence to delay that settlement until December 24, 1903, when the bill was settled. But the judge had authority so to delay only for cause satisfactory to him, and in case of such delay he was required by the statute to settle and sign the exceptions as soon as possible. The record does not show that the delay from December 28, 1902, to December 24, 1903, was induced or allowed for any cause satisfactory to the trial judge, or that he set-

tled and signed the exceptions as soon as possible after the cause for the delay was called to his attention. On the other hand, the fact appears that the bill of exceptions was submitted to him on December 24, 1903. There was no error in the ruling of the court that the time for settlement and signing of the bill had not been lawfully extended beyond ten days before the term in which the cause was first docketed.

[2] Another contention is that the cause was not first docketed in January, 1903, and hence the time for the settlement of the bill of exceptions extended until ten days before the term in January, 1904, and it was settled within that time. The argument of counsel is that rule 6 of the Supreme Court requires the clerk to enter the case upon the docket in the order in which the transcripts in cases appealed and the præcipes for writs of error are filed with him, that no transcript was filed in this case before or during the term in January, 1903, that the filing of such a transcript was a condition precedent to the existence of the power in the clerk to docket the cause, and that because this condition never existed the docketing of the cause in January, 1903, was unlawful and ineffective. But chapter 99 of the Laws of 1901 provided that at any time after the appeal was taken, and before a motion by appellee to docket and affirm the judgment, the appellant should "have the right to docket such appeal," and when it was so docketed that he might either perfect his record within thirty days or dismiss his appeal and subsequently take another. The plain meaning of this statute is that the appellant may docket and dismiss his appeal without filing his transcript or perfecting his record, or he may docket his appeal and within thirty days thereafter file his transcript and perfect his record. Nor is there any irreconcilable conflict between the rule and the statute, because the clerk may docket the cases in which transcripts and præcipes are filed in the order in which he receives them upon the first part of his docket, and he may place those appeals which are docketed and dismissed without transcripts in the latter part of it, and if there were any inconsistency the statute ought to prevail over the rule, especially in view of the fact that the Supreme Court which made the rule has so decided. Counsel for the plaintiff in error placed this construction upon the statute and the rule in 1903, for he declared in writing at that time that he docketed and dismissed his appeal, and upon that theory he took the appeal which is now pending. This, as has been stated, is the construction which the Supreme Court has placed upon the statute and its rule, and there is nothing inconsistent with this conclusion in sections 2906 and 2907 of the Laws of New Mexico, 1897, which have been cited for the plaintiff in error. The bill of exceptions in this case was not settled or signed at least ten days before the term of the Supreme Court in which the case was first docketed, nor within any time during which the trial judge delayed its settlement for a cause satisfactory to him, nor within any extension of the time for settlement granted by his order, and it was rightly stricken from the record.

Let the judgment below be affirmed.