JANUARY TERM, 1917. 417

Crist v. Abbott, District Court Judge, et al., 22 N. M. 417.

HANNA, C. J., and ROBERTS, J., concur.

[No. 2045.   March 7, 1917.]

CRIST v. ABBOTT, District Court Judge, et al.

### SYLLABUS BY THE COURT.

1. Section 2060 to 2080, inclusive, Code 1915, interpreted, and held not to authorize the district courts to entertain a contest proceeding for the office of district attorney.   P. 418

2. A proceeding by prohibition against the district court to prevent the assumption of jurisdiction by that court to entertain a contest proceeding for the office of district attorney will not be denied on the ground that there is an adequate remedy by appeal; the remedy by appeal in such cases being deemed not to be adequate.   P. 422

Prohibition by Jacob H. Crist against Edmund C. Abbott, Judge of the District Court of the First Judicial District of the State of New Mexico, and Alexander Read, to prohibit such court from proceeding to hear and try an election contest by Read against the relator.   Writ made absolute.

J. H. CRIST and E. P. DAVIES, both of Santa Fe, for relator.

C. C. CATRON and A. B. RENEHAN, both of Santa Fe, for respondents.

### OPINION OF THE COURT.

PARKER, J.   This is a proceeding in prohibition, the writ having been directed against the court and judge of the First judicial district in and for the County of Santa Fe and one Alexander Read.   An election contest was instituted in said court by Alexander Read against relator,

Jacob H. Crist, to contest relator's right to the office of district attorney of the First judicial district, the respondent claiming to have been legally elected to that office at the last November election. The relator filed a demurrer to the notice of contest upon the ground that the same did not state a cause of action for the reason that district court has no jurisdiction of an election contest for a state office. The district court overruled the demurrer and thereupon the relator brought this proceeding in this court to prohibit the district court from proceeding to hear and try said election contest. The respondent, district judge, answered the writ, admitting that he intends to entertain, pass upon, and proceed with, try, and decide said election contest, unless it be determined by this court that he has no jurisdiction in said cause. Respondent Read adopts the return of the district judge.

It is admitted by counsel for the parties that the office of district attorney is a state office, as we held in State ex rel. Ward v. Romero, 17 N. M. 88, 125 Pac. 617. It is likewise conceded by counsel that an election contest is a special proceeding, and authority for maintaining the same must be found in positive law, and that otherwise the right does not exist. This position of counsel is undoubtedly correct.

[1] It is contended by relator that there is no statutory authority for contesting an election for a state office in this state, and that, therefore, the district court is without jurisdiction to entertain such a proceeding. It is argued by respondent, on the contrary, that statutory authority exists for such a contest, and that therefore the district court had jurisdiction to entertain the proceeding, and the writ should be discharged. The argument in behalf of respondents proceeds upon the theory that all laws compiled in the Codification of 1915 which were taken or adopted from existing statutes should be construed as continuations thereof, and not as new enactments, as, indeed, is specifically provided in the last section of said codification. It is argued, therefore, that the true meaning of the sections of the codification relating to election contests can only be ascertainable from an examination of the orig-

JANUARY TERM, 1917.          419

Crist v. Abbott, District Court Judge, et al., 22 N. M. 417.

inal acts from which they were taken. The sections relating to election contests are sections 2066 to 2080, inclusive, of the Code of 1915. The original act in regard to election contests was enacted in 1851. Laws 1851-52, p. 196. The section of that act, of which section 2067, Code 1915, is the outgrowth, is section 52 of that act, and is as follows:

"If any candidate in any election hereafter held in this territory desires to contest any votes given to the opposing party, he shall give eight days' previous notice in writing to the party, before the contest is tried, specifying the names of the voters and other objections upon which he bases the contest."

This section continued in this form until 1889, when, by section 8, c. 135, Laws of 1889, it was amended into its present form, which is as follows:

"If any candidate at any election hereafter held in this state desires to contest any votes given to the opposing party, or to contest the office for which he was a candidate for any other reason, he may do so by giving notice in writing to such opposing party before the contest is tried or heard, setting forth the grounds upon which he bases his contest."

At the time of the passage of the act of 1851 there were only four elective offices in counties, namely, probate judge, sheriff, justice of the peace, and constable. By the terms of that act contests for the office of probate judge were to be heard by the circuit court, or by three justices of the peace, and contests for the office of sheriff, justice of the peace, or constable, were to be heard before the probate court. Provision was also made in the act for contest for members of the House of Representatives and legislative council.

The words, "if any candidate in any election," have led to some confusion in the minds of counsel for the respective parties. It is argued by respondents that the words, being general in character, convey legislative intent to allow an election contest in case of any kind of an election for any kind of an office. When examined in connection with the other provisions of the act of 1851, no such meaning is to be deduced therefrom. It is to be observed that

the provisions of sections 49 and 50 of that act authorize a contest for any cause whatever known to the law, including the counting out of illegal votes, while section 52, which contains the words above quoted, refers solely to a contest of any illegal votes given to the opposing party. Section 52, therefore, is a provision, read in connection with the other sections of the original act, that any of the four classes of officers mentioned in the act, when they desire to contest any votes given to the opposing party, shall give certain notice therein specified. The section does not refer to any other class of officers than the four named in the act, and is not a provision designed to include officers or offices of a class other than those mentioned in the act, as is argued by counsel for respondents. Section 2067, Code 1915, which as before pointed out, comes from chapter 135, Laws of 1889, embodies in it the substance and effect of sections 49, 50, and 52, of the original act of 1851, in so far as the grounds of contest are concerned, and does not, in any way, enlarge the class of offices which may be contested.

As before ponted out, the act of 1851 provided for a contest of the office of probate judge before the circuit court or three justices of the peace, and for a contest of the offices of sheriff, justice of the peace, and constable, before the probate judge. In 1873 this was changed by chapter 29, Laws of 1873, which conferred the jurisdiction of contests for county offices to the district court for the county in which the contest arose. See section 2070, Code 1915. It is to be observed that this act makes no reference to any office except county offices. In 1876 the procedure for such contests was gone into by chapter 26, Laws 1875-76, but the class of cases in which contests might be entertained was in no way enlarged by this act. See sections 2072-2080, Code 1915. In section 1 of that act it is provided that in all cases of contested elections, triable in the district court, the notice of contest, when filed and served, shall be taken as the only petition and process necessary for the court to acquire jurisdiction. This act is a procedure statute only, and has no reference to the right of contest as such.

JANUARY TERM, 1917.          421

Crist v. Abbott,. District Court Judge, et al., 22 N. M. 417.

This was the condition of the legislation at the time we came in as a state. By section 4 of article 22 of the Constitution, it was provided that all laws of the territory in force at the time of the admission of the state into the Union, not inconsistent with the Constitution, should remain in force as the laws of the state until otherwise provided. This provision, it is argued by counsel for respondents, brought into the state government not only the territorial laws in force at the time of the admission of the state, but also all federal laws governing the territory and not inconsistent with the state Constitution. It is argued, therefore, that section 1874, R. S. U. S. (U. S. Comp. St. 1913, § 3464), became a part of the law of the state, and that thereunder the district courts were granted jurisdiction of election contests, as falling within the terms "all matters and causes, except those in which the United States is a party."

The argument is fallacious for several reasons. In the first place, the territorial district courts ceased to exist upon the formation of the state government. No powers conferred upon them by the act of Congress attach to the district courts of the state. The district courts of the state derive their jurisdiction and powers from the Constitution and laws of the state, and no act of Congress concerning the jurisdiction of courts in the state could have any effect after statehood came.

The argument is fallacious for another reason, and that is that the act of Congress in question, even if it still remained in force in the state, did not confer jurisdiction upon the district courts of election contests for state offices. The words quoted from the section above can have no further meaning than that district courts which might be organized by territorial law in the various counties of the territory should have jurisdiction of all causes and matters as provided by the laws of the territory. The laws of the territory, having made no provision for contests for offices other than county offices, the act of Congress conferred no such powers upon the district courts.

It follows from the foregoing analysis of the statutes that we have no law including the subject-matter of con-

tests for state offices, or procedure for trial of such contests in the district or any other courts of the state, and consequently the district court in the pending case is without jurisdiction to entertain any such proceeding.

[2] It is argued by counsel for respondents that we ought not to entertain this writ for the reason that there is an adequate remedy by appeal, and they cite State ex rel Sweeney v. Raynolds, Judge of the Second Judicial District Court, 17 N. M. 282 in support of their contentions. That was a case in which a claim argainst an estate of a deceased person had been allowed by the probate court, and upon appeal from such allowance to the district court it was held that the probate court had no jurisdiction to hear and determine a claim of the character presented. The appeal was thereupon dismissed. A motion to reinstate the cause and proceed to a hearing was denied, and thereupon the claimant applied for mandamus in this court. We discharged the writ in that case upon the ground that there was a plain, speedy, and adequate remedy by appeal.

In this case, however, taking into consideration the fact that an election contest necessarily involves a long trial, the taking of a large amount of testimony at a great expense to the parties, and where, as we hold, it is plain that the district court has absolutely no jurisdiction of the contest proceeding, the remedy by appeal is not such an adequate remedy as should move our discretion to refuse the writ of prohibition.

For the reasons stated, the writ will be made absolute; and it is so ordered.

HANNA, C. J., and LEAHY, District Judge, concur.