OPINION OF THE COURT
On May 27, 1924, D.W. Priestly, as receiver of the Union Trust Savings Bank of Clayton, recovered a judgment in the district court of Union county against H.J. Hammond, Herbert J. Hammond, Jr., and Fulgencio C. De Baca. Thereafter and on the same day, an execution was issued, delivered to the sheriff of Union county, and by him returned nulla bona, and an affidavit filed seeking the issuance of a summons provided in section 2214, Code 1915, requiring the judgment debtors, H.J. Hammond and Herbert J. Hammond, Jr., to appear before Hon. Thos. D. Leib, judge of said court, and submit themselves to an examination regarding any property they owned that could be applied to the satisfaction of such judgment, and to abide the orders of the court made with reference thereto. Upon this affidavit being filed, a summons was issued, dated May 27, 1924, commanding the two judgment debtors referred to to appear before the court on the following day at 9 o'clock a.m., and submit to such examination. A motion to quash this summons was interposed, presenting many questions, among them being that it did not comply with the *Page 132 
provisions of the statute referred to, in this: The statute requires the return day of such process to be not less than 10 days after its issuance and service, while the process in question was made returnable in less than 24 hours. This motion was overruled.
On May 28th a subpoena duces tecum was issued and served, requiring the defendants Hammond to appear at 10 o'clock on that day with certain enumerated writings and books. The hearing was had, during which a petition was filed by the plaintiff in said cause, seeking to have each and all of the petitioners herein adjudged in contempt of court, and punished therefor. As the acts constituting such contempt, it was specifically pleaded that, after the summons and subpoena duces tecum had been served, the petitioners entered into a conspiracy and confederation to evade and violate the orders of the court by removing and transporting certain papers, instruments, documents, and property of the defendants Hammond from the jurisdiction of the court. An order was entered in the cause requiring each and all of the petitioners herein to appear before said court on May 30th, then and there to show cause why they should not be held and adjudged in contempt. The hearing upon the contempt proceeding was not held on that day because of the required absence of the judge, but was postponed to be held at a later date upon 5 day's notice to counsel for petitioners, and they were granted bond to appear at such time as the court might fix. Thereafter the petitioners H.J. Hammond, Herbert J. Hammond, Jr., Mattie L. Hammond, and Corneil Hammond, instituted this proceeding to secure a writ of prohibition against the respondent Thos. D. Leib, judge of said court, from proceeding further to punish them for such alleged contempt. We granted an alternative writ, and the pleadings necessitate the determination of several questions.
[1] 1. It is strenuously insisted by the petitioners that the summons in question was defective, and consequently gave the court no jurisdiction over their person, because it was returnable at a shorter time than prescribed *Page 133 
by law. Section 2214, Code 1915, authorizes the proceedings supplemental to execution and prescribes the procedure to be followed, including the summons to be issued. It is in this language:
"In all cases where any person shall have a valid and subsisting judgment in any district court against any person, upon which judgment execution has been issued and returned not satisfied, the owner of said judgment shall have the right to file his affidavit in the court where said judgement is of record, setting forth the facts regarding the rendition of said judgment and the return of said execution. On the filing of said affidavit, the clerk of the district court, if said affidavit is filed in the district court, shall issue summons thereon commanding said judgment defendant to appear within ten days and submit to an examination regarding any property that he may have and shall abide the order of the court regarding the applying of any property that he may have on said judgment in satisfaction thereof. When said affidavit is filed said proceedings may be referred to a referee on the petition of either party, and the referee appointed to hear the same shall proceed to hear said matter and report the evidence taken therein, to the court. The court trying and determining said proceedings shall have the right to enforce the appearance of the said judgment defendant and all necessary witnesses and to enforce all orders made therein by attachment. And in case any judgment defendant shall fail or refuse to appear or answer all lawful and proper questions put to him in said proceedings or shall fail or refuse to comply with the order of the court made in said proceedings said party shall be liable to a fine and imprisonment for contempt in such amount or for such time as the court may determine."
This controversy revolves around the construction to be placed upon this language found in the statute, "commanding the defendant to appear within 10 days and submit to an examination," etc. It is urged that such language means that the summons shall be returnable not less than 10 days after its issuance and service, and with this contention we are in accord. In order to arrive at the correct construction of a statute, the language used, the purpose in view, and the object sought to be accomplished by the Legislature must always be kept in mind. With these rules in view, we think it is clearly intended by the statute that, after the affidavit is filed, a summons shall issue, which shall inform the judgment debtor of the question involved, and that it is desired to examine him, and that he shall then have time to prepare for the hearing *Page 134 
by securing counsel, reviewing his records, and such other matters of a similar nature as might properly enable him to accurately testify concerning the condition of his financial affairs, as well as the property that he might or might not own, subject to the payment of the judgment in question. Any other construction would leave it optional with the clerk to make the summons returnable at any time less than 10 days from its issuance and service, and would even allow it to be made returnable instanter. This was never intended by the Legislature. The words `within 10 days" clearly mean "not less than 10 days." This view is neither new nor unsupported. In U.S. v. Sena,15 N.M. 187, 106 P. 383, it was held that the portion of section 896, C.L. 1897, which provided that the bill of exceptions in all criminal cases should be signed, sealed, and settled within 20 days before the first day of the term of the Supreme Court in which said cause should be docketed, meant not less than 20 days before the first day of said term. Justice Pope said:
"We agree with the appellant's counsel in his designation of the word, `within,' above used, as `a legislative pleonasm,' used by the Legislature doubtless in repetition of the more intelligible language of the pre-existing statute of 1880, supra, requiring settling `within 30 days after the judgement.' We agree further with the view of counsel for the government that the words `at any time within 20 days' are to be construed as meaning at any time in not less than 20 days, and that this portion of the statute thus requires preparation and presentation of the bill of exceptions to the trial judge at least 20 days before the first day of the term of this court to which the case is returnable."
This case was cited and followed in the recent case of Royal Grocery Co. v. Oliver, 57 Cal.App. 278, 207 P. 61, where a lease contract was involved which contained an optional renewal clause providing that such option should not be valid unless a written notice of the lessee's election to exercise it was given "within 90 days prior to the expiration of this lease." The notice was given on the 79th day before the expiration of the lease, and the court held that the language "within 90 days" meant "at any time not less than 90 days." Other cases declaring a similar doctrine could *Page 135 
be cited, but we consider it unnecessary, as it seems clear to us that the statute in question requires the return day, upon a summons issued under its provisions, to be not less than 10 days from and after its service, as that period of time was intended to be given the judgment debtor to prepare for the hearing. The summons in question was therefore invalid, as it failed to comply with the law authorizing its issuance and prescribing its return day.
[2] 2. Having determined that the summons was defective in the manner hereinbefore pointed out, it becomes necessary to decide what results therefrom; that is, whether such defect rendered the process void, and, consequently, gave the court no jurisdiction over the person of the defendants, or whether it merely rendered such process voidable, and therefore brought the defendants within the jurisdiction of the court, with the privilege on their part of taking advantage of such defect by a motion to quash. The authorities upon this question are not harmonious. In fact, they are in hopeless conflict; but we think the better reasoned cases support the view that such process is void and confers no jurisdiction whatever over the person of the defendants. For the various cases discussing the subject and arriving at their divergent views, see the notes appended to Lockway v. Modern Woodmen of the World, Ann. Cas. 1913A, 555, and Flannery v. Kusha, 6 A.L.R. 838.
[3, 4] 3. The respondents say that even though the summons in the supplemental proceeding was void, yet the court had jurisdiction over the person of the defendants by reason of the original summons upon which the judgment was rendered. This argument proceeds upon the theory that such proceeding supplemental to execution is not a new or independent proceeding, but a continuation of the original action, and that, for such purpose, the court retains jurisdiction over the person of the defendant, by virtue of its original process bringing him before the court. *Page 136 
The remedy, which is designed to afford a simple and expedient method of inquiring into the affairs of the debtor, and which takes the place of the common-law proceeding of a creditor's bill in equity, is auxiliary to and a part of the original action in the sense that it proceeds out of and takes the same number on the docket as the original cause, but it is essentially a new and independent action in the sense that its very gravamen involves the determination of new and different issues of fact and law, and may even involve the rights of third parties. The issue in the original action is the ascertainment of the debt due, and the rendition of a proper judgment therefor, while the issue in the supplemental proceeding is an inquiry into the affairs of the judgment debtor and the ascertainment that he owns certain property which may be applied in payment. The range of such inquiry may involve transactions with third parties, and, upon proper averments, their rights may become the subject of decision. Such proceeding has all the attributes of a civil action comprehending various issues for determination, all of which are foreign to the issues in the original action and cannot possibly effect the original judgment. Harper et al. v. Pehagg,14 Ind. App. 427, 42 N.E. 1116; Hobbs v. Town of Eaton,38 Ind. App. 628, 78 N.E. 333; McKenzie v. Hill, 9 Cal.App. 78,98 P. 55. It cannot therefore be said that the court retains jurisdiction over the person of a defendant for such an inquiry, by reason of the original summons issued and served before the judgment is rendered.
[5] 4. After the hearing in the proceeding supplemental to execution in the case hereinbefore referred to was ready to begin, the court consolidated that case with another one on its docket, wherein the state had recovered a judgment against H.J. Hammond, Herbert J. Hammond, Jr., Fulgencio C. De Baca et al., for the purpose of conducting such examination in the two cases in consolidated form. To this action the defendants Hammond and De Baca objected upon various *Page 137 
legal grounds, and it is now contended by the respondent that this constituted a general appearance and gave the court jurisdiction over the person of the defendants. In an unbroken line of decisions this court has said generally that any action on the part of a defendant, except to object to the jurisdiction over his person, which recognizes the case as in court, amounts to a general appearance, and gives the court the same jurisdiction as though process had been regularly served in the manner and form, and for the length of time prescribed by law. Fowler v. Continental Casualty Co., 17 N.M. 188, 124 P. 479; Dailey v. Foster, 17 N.M. 377, 128 P. 71; Crowell v. Kopp,26 N.M. 146, 189 P. 652; and Board of Com'rs v. District Court (N.M.) 223 P. 517.
[6] The expression "which recognizes the case as in court," as used in some if not all of these several cases, means that it recognizes the case as pending in court, with jurisdiction of the subject-matter and of the parties. In order to do this, the defendant must seek some affirmative relief at the hands of the court, or he must ask a favorable decision upon some matter of a substantive character, or endeavor to secure a continuance or postponement. The reason underlying the doctrine is that no such action can be taken without the court possesses jurisdiction over his person, and he is not entitled to any such affirmative relief or favorable ruling unless the court possesses jurisdiction over his person, and when he seeks such relief, he necessarily assumes the attitude that such jurisdiction has been acquired, and having taken that position, he is bound thereby, and will not be heard afterwards to say otherwise. No such relief was sought by the defendants in making the objection referred to. They merely presented legal objections to an action then being taken by the court without their request or solicitation. So it cannot be said that the defendants entered a general appearance, thereby cutting themselves off from the right to present this question here. *Page 138 
[7] 5. We recognize the oft-repeated rule that a writ of prohibition is not a writ of right, but instead, is one of sound judicial discretion that is issued or withheld according to the circumstances of each particular case, and which is used with great caution in the furtherance of justice, where it is plain that the court, officer, or person against whom it is sought is about to exercise some judicial or quasi judicial power; the exercise of which is clearly unauthorized by law and will result in injury for which no other adequate remedy exists. State ex rel. Harvey v. Medler, 19 N.M. 252, 142 P. 376; Crist v. Abbott, 22 N.M. 417, 163 P. 1085; and State ex rel. Parks v. Ryan, 24 N.M. 176, 173 P. 858.
[8] All of these elements, however, are present in this case. As we have previously determined, the trial court was proceeding in a judicial capacity without jurisdiction; the injury that petitioners might suffer was the imposition of a fine or a jail sentence for contempt; it appears that an appeal from such a judgment and sentence would necessarily involve a great expense, as a large amount of testimony has already been taken with a very large number of written exhibits introduced, and there would make the cost of appeal almost prohibitive. Under such circumstances, the remedy by appeal is not an adequate one. In Crist v. Abbott, supra, Judge Parker, speaking for the court, said:
"In this case, however, taking into consideration the fact that an election contest necessarily involves a long trial, the taking of a large amount of testimony at a great expense to the parties, and where, as we hold, it is plain that the district court has absolutely no jurisdiction of the contest proceeding, the remedy by appeal is not such an adequate remedy as should move our discretion to refuse the writ of prohibition."
The language there used is peculiarly applicable here, and, for the reasons stated, we think our discretion should be exercised in favor of the issuance of the writ. *Page 139 
For the reasons stated, the writ will be made absolute; and it is so ordered.
PARKER, C.J., and Holloman, District Judge concur.