## B. F. HAMMOND ET AL. v. JAMES CONNOLLY ET AL.

(Case No. 5220.)

1. CASE FOLLOWED.— Connolly v. Hammond, 51 Tex., 635, followed.
2. PRACTICE — TRESPASS TO TRY TITLE.— When in trespass to try title a party desires to know in advance of trial the muniments of title relied on by the adverse party, he may call for an abstract of his title. A preliminary inquiry by the court into his sources of title, and an order requiring him to elect which of two sources of title he would rely on, was held error.
3. PRACTICE — FORGERY.— A party to a suit involving title to land, who has filed an affidavit impeaching a deed filed by his adversary as a forgery, may, if satisfied of its genuineness afterwards, withdraw his affidavit; nor would he be thereby precluded from afterwards asserting any right he might have under such deed.
4. STATUTE CONSTRUED.— Article 2257, Revised Statutes, provides for the filing of certain instruments in a cause at least three days before the commencement of trial, etc., and admits such instruments in evidence, unless the adverse party shall, "*within three days before the trial* of the cause, file an affidavit stating that he believes such instruments of writing to be forged," etc. *Held*, that the words "within three days before the trial" must be construed to mean "at least three days before the trial."

APPEAL from Robertson. Tried below before the Hon. W. D. Wood, Special Judge.

Second suit in trespass to try title, brought by appellants March 27, 1875. It was before this court on a former appeal, and was reversed and remanded at the Austin term, 1879. The case is reported in 51 Tex., 635, where a full statement will be found.

After the case was remanded appellants sought to attack the deed from Moffitt to W. H. Steele, and their affidavit was stricken out. Preliminary to the trial, upon motion of appellees, the court required appellants to elect upon which of their titles they would rely.

Trial June 14, 1883.   Verdict and judgment for appellees.

The points which were relied upon are stated in the opinion.

*Wm. H. Hamman*, for appellants, cited:   Hunter *v.* Moore, 49 Tex., 219, and Connolly *v.* Hammond, 51 Tex., 649.

*H. D. & F. H. Prendergast*, for appellees.

WATTS, J. COM. APP.— When this cause was before the court on the former appeal, it was claimed that the second was but a continuation of the first suit, and that as appellants had secured the deed from the heirs of James S. Steele after the first suit was commenced, that it was not admissible to sustain the action.   Upon that question the court then said:   " It is enough to dispose of this question, that the additional title was acquired long before the second suit, and that they had the same right to assert it which would have accompanied the title into the hands of a stranger."   51 Tex., 649.

Whilst appellants assert title to the land by and through this and from the heirs of James S. Steele, from the allegation in their pleading it also appears that they rely upon and claim title through the conveyance from the heirs of Moffitt.

There are no allegations in the pleading of appellants showing that they derive or claim to derive title through the purported deed from Robert Moffitt to W. H. Steele, bearing date August 7, 1835.

As to the right of appellants to rely upon the conveyance from the heirs of Steele, as well as that from the heirs of Moffitt, that question was correctly decided on the former appeal.   Since that time there has been no such change in the pleadings of the parties as would require a re-examination of the question.

Then as appellants had the right to assert and rely upon both of these conveyances, it is not perceived upon what principle the court proceeded in requiring appellants, in advance of the trial, to elect as to which of these conveyances they would renounce, and upon which they would rely.

It does not necessarily follow that because appellants claim under the deed from the heirs of James S. Steele that they also claim through the purported deed from Moffitt to W. H. Steele, which they were then attempting to impeach as a forgery.   For them to

undertake to derive title through, and at the same time impeach that deed as a forgery, would be inconsistent and not allowable.

However, the court should not have entered upon a preliminary trial or examination, so as to determine the character or source of appellants' title. If it was a matter of importance to appellees to know the source and character of title relied upon by appellants, the statute furnished the remedy, and authorized them to call for an abstract of title.

As presented by the record, we are of the opinion that the court erred in requiring the appellants to elect as to which of the deeds they would use upon the trial.

It perhaps should be remarked that if, after an impeaching affidavit has been filed imputing forgery to a deed, the party should become satisfied that the deed was genuine, he would have the right to withdraw the impeaching affidavit, after which it would not be inconsistent for such party to assert any interest that he might have by or through such conveyance.

It is claimed that the court erred in striking out the affidavit of appellants impeaching the deed from Moffitt to W. H. Steele as a forgery. It appears that this affidavit had been filed and withdrawn several times. The object for thus withdrawing and refiling the affidavit is not made to appear, but it would seem that it might have been done to conform to what appellants thought to be the true construction of article 2257 of the Revised Statutes, which provides for the admission of recorded instruments without other or further proof of their execution. It is provided that the instrument shall be filed in the suit at least three days before the commencement of the trial, and notice given to the opposite party. And the statute then provides that, "unless such opposite party, or some other person for him, shall, within three days before the trial of the cause, file an affidavit stating that he believes such instrument of writing to be forged," etc. The trouble seems to arise out of the expression "within three days before the trial of the cause." As indicated by the statements in the brief of counsel that it was believed the affidavit to be efficacious must be filed within the three days next preceding the trial, the language used in that connection in the statute, if taken in its literal sense, might be susceptible of such a construction.

But as neither courts nor parties are endowed with sufficient foreknowledge to determine three days in advance when the trial will be had, such a construction can never receive judicial sanction. In the connection used, the language is not aptly chosen to express the

legislative intent. Among the rules prescribed for the interpretation of our statutes are these: 1st. The statutes are to be liberally construed, with a view to effect their objects and promote justice. 2d. The court shall look diligently for the intention of the legislature, keeping in view at all times the old law, the evil, and the remedy. Now, the old law required the party to file the impeaching affidavit within one day after the notice of the filing of the instrument. Experience had demonstrated that this requirement, that the affidavit should be filed in one day after the notice, was much too short, and often resulted in injustice; in other words, that was the evil found in the old law. The remedy for this evil, which might be naturally anticipated, would be to extend the time in which the impeaching affidavit might be filed. And this was undoubtedly the legislative intent in making the change. Without entering upon an extended or critical discussion of the policy of the statute, and the interpretation of its various parts, we deem it sufficient for the purposes of this decision to remark that, after a careful examination of the question, the conclusion reached is that the legislature intended that the party should file the affidavit at least three days before the trial of the cause.

This record, containing as it does one hundred and seventy pages, is remarkable for the amount of confusion developed; the pleadings are prolix, confused, and often repeated. And the proceeding seems to have been so conducted in the court below as to have had the effect to obscure, rather than clearly present, the rights of the parties. It would seem that the court below might, with propriety, order a repleader by both parties.

Our conclusion is that the judgment ought to be reversed and the cause remanded.

                                   REVERSED AND REMANDED.

[Opinion adopted January 16, 1885.]