COLONIAL TRUST CO. v. WALLACE et al.

(Circuit Court, S. D. New York. December, 1910.)

RAILROADS (§ 30*)—INSOLVENCY—RECEIVERS—REORGANIZATION — OWNERSHIP
OF BONDS DEPOSITED WITH REORGANIZATION COMMITTEE—"WITHIN."

On the appointment of a receiver for a railroad company, defendants, formed themselves into a reorganization committee, and invited the first mortgage bondholders to deposit their bonds with the committee for mutual protection, and as preliminary to the preparation of a reorganization of the corporation. The deposit agreement gave the committee title to the bonds, with power to dispose of them in acquiring the railroad property either before or after formulating a plan, and also declared that any holder of a certificate of deposit might within 60 days after first publication of the plan withdraw his bonds on paying his pro rata share of the committee's expenses and be relieved from the obligation of the agreement, etc. The agreement, however, imposed no obligation on the committee to prepare and present a plan at any time; the committee reserving the right to return the deposited bonds. *Held,* that the word "within," as used in the clause "within sixty days" from the publication of the plan of reorganization, must be construed in the sense of "before," and hence depositing bondholders, on becoming dissatisfied with the acts of the committee before any plan had been formulated or promulgated, were entitled to withdraw from the agreement and to a surrender of their bonds.

[Ed. Note.—For other cases, see Railroads, Dec. Dig. § 30.*
For other definitions, see Words and Phrases, vol. 8, pp. 7497–7502.]

In Equity. Suit by Colonial Trust Company against James N. Wallace and others. On motion for a preliminary injunction. Granted.

Samuel Untermyer, for complainant.

John D. Milburn, Walter F. Taylor, Albert Rathbone, and Joline, Larkin & Rathbone, for defendants.

NOYES, Circuit Judge. The plaintiff, with other holders of the bonds of the Wabash Pittsburg Terminal Railway Company, deposited its bonds with the defendants as a bondholders' committee under an agreement apparently looking toward the preparation by such committee of a plan of reorganization. The defendants, however, did not agree to prepare a plan of reorganization and assumed no obligation whatsoever to the plaintiff, except, under certain conditions, to return its deposited bonds. The defendants also expressly reserved the right to terminate the agreement at their pleasure. The plaintiff has demanded the return of its bonds and has offered to pay its proportionate share of the expenses of the committee.

The right of possession is an incident of ownership. An owner may transfer this right upon such terms and for such time as he may see fit. An owner of bonds or other securities may deposit them with a committee and confer upon it the right of possession for a stipulated period or for the time necessary to accomplish a desired result. He may go further and agree in advance that his bonds shall be subjected to any plan of reorganization which the committee may adopt. But the converse of these propositions is equally true. An owner retains the right of possession unless he parts with it. If he transfers pos-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes
183 F.—57

session he may retake it, unless he has expressly agreed to part with it for a stipulated period or unless an agreement to that effect can be inferred.

In the present case I am unable to find, upon any theory, any provision in the agreement in question requiring the depositors to leave their bonds with the committee for any stated period or until the preparation of a plan of reorganization or until the termination of the agreement by the committee at its pleasure.

Upon the theory suggested by the defendants, that the real purpose of the agreement was not the preparation of a plan of reorganization, but merely mutual protection, there is no provision either express or by necessary inference preventing a dissatisfied depositor from withdrawing his bonds whenever he so desires. Upon this theory the provision giving him the right to withdraw after the preparation of a plan of reorganization is immaterial, for no such plan might be contemplated. There is no provision expressly barring the right of withdrawal, and it cannot be inferred that this right is barred during the time necessary to accomplish a desired object, for there is no definite object to be accomplished. Certainly an agreement which one party may determine at his pleasure should not be strained to hold another party indefinitely.

Upon the other theory—which would seem to be the correct one— that the primary purpose of the agreement was the preparation of a reorganization plan, although the committee assumed no duty whatever to prepare one, the same conclusion must be reached. The provision that a depositor may withdraw his bonds after the publication of a plan of reorganization upon the payment of his share of the expenses is not necessarily inconsistent with his right to withdraw upon like condition before such publication. The question is not so much what he is authorized to do, but what he has agreed that he should not do. Furthermore, I am of the opinion, in view of the circumstances disclosed by the agreement, in view of the fact that the agreement was prepared by the committee, and of the further fact that the committee assumed no obligation and could terminate the agreement at its pleasure, that the word "within" in the provision that a depositor might withdraw his bonds "within sixty days" from the publication of the plan of reorganization should be given the meaning of the word "before." Under these conditions it is quite within well-settled principles of construction to interpret the provision as authorizing the depositors to withdraw their bonds at any time before the expiration of 60 days from the publication of the plan. An opposite construction would make the agreement altogether one-sided and might operate most unjustly. It would require a depositor to await the action of a committee with whose work he was dissatisfied, and from whose plan of reorganization he expressed his intention in advance to dissent. It would seem to deprive him of the right to possess his own property merely to allow time to go by, for with the obligation to have his bonds ready for return upon the publication of the plan it is not shown that the committee would be substantially prejudiced by anticipating such return. And in this connection it should also be noted that this obligation to return

the bonds operates as a distinct limitation upon the powers of the committee and materially affects the broad and sweeping powers conferred by the agreement which might otherwise seem inconsistent with the right of a depositor to retake his bonds.

The interpretation placed upon the provision relating to the return of bonds after the publication of a reorganization plan is thought not to be inconsistent with the decision of the Court of Appeals of the state of New York in Industrial, etc., Co. v. Tod, 180 N. Y. 215, 73 N. E. 7, construing a similar provision. The cases are distinguishable by the fact that in that case the court held that the defendants had assumed the duty of preparing a plan of reorganization. If the committee in this case had bound itself to prepare a plan it might well be that the depositors would be bound to give them time to prepare it.

No claim of fraud or bad faith on the part of any of the defendants is presented and the questions arising on this motion have been determined as the result of the interpretation placed upon the agreement as a whole and upon its particular provisions.

The plaintiff is not now asking for any mandatory order, but is, in effect, asking for the preservation of the existing situation pending the litigation. I think that it is entitled to the preliminary injunction which it prays for, and it is so ordered.