[Civ. No. 4133. First Appellate District, Division One.—April 7, 1922.]

THE ROYAL GROCERY CO. (a Corporation), Appellant, v. LILLIE F. OLIVER, as Executrix, etc., Respondent.

[1] LEASES — OPTION FOR RENEWAL — NOTICE OF ELECTION — TIME OF GIVING.—A provision in a lease requiring the lessee to give written notice of his election to exercise his option for a renewal "within ninety days prior to the expiration of this lease" will be construed as requiring him to serve such notice at least ninety days prior to the date on which the lease expires.

APPEAL from a judgment of the Superior Court of Alameda County. A. F. St. Sure, Judge. Affirmed.

The facts are stated in the opinion of the court.

O. G. Foelker for Appellant.

Morrison, Dunne & Brobeck and J. F. Shuman for Respondent.

KNIGHT, J., *pro tem.*—This is an appeal by plaintiff from a judgment sustaining a demurrer to plaintiff's complaint, without granting leave to amend, in an action brought for specific performance growing out of an option for the renewal of a lease of real property.

On January 15, 1919, the defendant, as lessor, entered into a lease with plaintiff, as lessee, whereby defendant leased to plaintiff a store in the city of Oakland, for the term of two years commencing on February 1, 1919, and ending on January 31, 1921. The lease gave the lessee an option to renew the same, with changed rentals, for a further period of three years, the new term to commence on January 31, 1921, but with respect to this renewal the lease provided: "It is further agreed and understood, however, that in the event the lessee herein shall fail to give the lessor herein a written notice of its election to exercise this option for a three-year renewal of this lease within ninety days prior to the expiration of this lease, this option for a three-year renewal shall thereafter be and become null and void and of no further force and effect without notice from the lessor."

Notice of the exercise of the option to renew the lease was given to the lessor on November 13, 1920, which was seventy-nine days before the lease expired.

[1] The controversy between the parties arises over the construction which shall be given to the term "within ninety days prior to the expiration of this lease." Appellant's contention is that it had the right at any time during the ninety days next preceding the expiration of the lease to serve the notice of the exercise of the option. Respondent's claim is that said notice should have been served at least ninety days prior to the expiration of the lease.

Viewing the option in the light of other options such as are customarily used in leases, we can arrive at no other conclusion than that it was the intention of the parties here that the lessee should give the lessor at least ninety days' notice of its intention to continue the tenancy. To

hold otherwise would, in our opinion, be giving the option an unreasonable and unjust interpretation.

The usual purpose of requiring the lessee in any case to give notice of the exercise of an option to renew the lease is that the lessor may not be compelled to wait until the last day of the term of the lease before he may know whether or not the lessee desires to continue to occupy the premises for a further term and thereby take the risk of having his premises remain idle for an indefinite period in the event that said option to renew the lease is not exercised. If appellant's contention be sustained, it would mean that appellant was not permitted to notify the landlord at any time during the year and nine months it occupied the premises that it desired to and would continue its tenancy after the original term fixed in the lease, but that it was required to wait until ninety days of the expiration of the lease before it could serve such notice. Such a limitation would obviously be to the disadvantage of both parties to the lease, and there appears to be no reason in law or fact why such a provision should have been made. If the option had read ''within ninety days of the expiration of the lease,'' then there would be some force in appellant's contention, but the presence of the words ''prior to'' clearly indicates, we believe, that it was the clear intention of the parties that the notice should be served at least ninety days prior to the date on which the lease expired.

The question of such a pleonasm as appears in this option has been before the courts of other jurisdictions in a few cases, and the rule of those cases is that the word ''within'' when used in connection with the word ''before'' should be construed as meaning ''not later than'' or ''at any time not less than.'' (*United States* v. *Sena,* 15 N. M. 187 [106 Pac. 384]; *Hammond* v. *Connolly,* 63 Tex. 62; *Colonial Trust Co.* v. *Wallace,* 183 Fed. 897.) We are of the opinion that such a construction must be adopted here.

Judgment affirmed.

Richards, J., and Tyler, P. J., concurred.