In the Matter of the Application of NELLIE DOWDALL, on Behalf of Herself and Others Similarly Situated, Petitioner, for an Order of Mandamus Directing JOHN R. VOORHIS and Others, Constituting the Board of Elections of the City of New York, to Reinstate the Said Petitioner as Election Inspector of the Seventy-second Election District of the Fifth Assembly District, County of Queens, Respondents.

Supreme Court, Queens County, October 17, 1930.

*John Holley Clark, Jr.*, for the petitioner.

*Theodore J. Groh*, for Queens County Democratic Committee.

*Arthur J. W. Hilly* [*Thomas W. A. Crowe* of counsel], for the respondents.

*Herbert A. O'Brien, amicus curiæ.*

JOHNSTON, J. Prior to July 1, 1930, and pursuant to the provisions of section 41 of the Election Law, James A. Butler, the chairman of the Democratic county committee of Queens county, filed with the board of elections a list of persons — of whom petitioner was one — all members of the Democratic party qualified to serve as election officers. On September 1, 1930, petitioner was appointed an inspector of election for the seventy-second election district of the fifth Assembly district of the county of Queens to

serve for one year ending August 31, 1930. Petitioner acted as such inspector at the primary election. On October 3, 1930, there was filed with the board of elections a list of persons — not including petitioner — qualified to serve as election inspectors. This list was authenticated and filed by William J. Dolan, chairman of the Democratic county committee, who had been elected to succeed Butler. On the same day Dolan wrote a letter to the board of elections stating he removed petitioner as inspector of elections and substituted Julia Rice in her place. Thereupon the board of elections by notice in writing removed petitioner. She contends her removal was unlawful and seeks a peremptory order of mandamus reinstating her.

Section 45 of the Election Law reads in part as follows: " Any election officer ' * * * may be removed for cause by the board * * * in which case such removal * * * shall only be made after notice in writing to the officer to be removed, which notice shall set forth clearly the reasons for his removal. *Neglect to attend to the duties of the office shall be a cause for the removal of any such officer.* In cities of the first class, it shall be the duty of the board * * * to remove forthwith such officer, without preferring any charges and without notice to such officer, upon the written request, *made within one week before a general or special election,* of the official of the political party who certified the name of such election officer, or his successor." This statute was section 308 of the former Election Law (Laws of 1909, chap. 22), except the words in italics were inserted by chapter 588 of the Laws of 1922.

It will be observed that (with certain exceptions not pertinent here) an election officer may be removed *for cause* after notice in writing setting forth clearly the reasons for his removal; and he may also be removed without charges and without notice upon the request of the party official made within one week before a general or special election.

I cannot subscribe to petitioner's contention that the " statute is plain in its meaning and not subject to construction by the court."

It is admitted the only instance where this statute has been the subject of judicial review is *Matter of Harvey* (138 Misc. 837), where Mr. Justice COTILLO held its provisions applied to a primary election and also stated the board of elections had the right to exercise its power of removal at any time upon the request of the chairman of the county committee.

It is undisputed that the notice of removal was sent more than one week prior to the general election, and that no charges were

made. It is urged, therefore, that the words "within one week before a general election" limit the right of the board, upon the request of the party official, to remove an election officer without preferring any charges and without notice, so that it cannot exercise that right unless it does so seven days prior to the general election. I know of no case in this State where these identical words have been construed. In *Royal Grocery Co.* v. *Oliver* (57 Cal. App. 278; 207 Pac. 61) a lease granted the lessee an option of renewal if he exercised it "within ninety days prior to the expiration of this lease." The court, construing this phrase, said: " The question of such a pleonasm as appears in this option has been before the courts of other jurisdictions in a few cases, and the rule of these cases is that the word ' within,' when used in connection with the word ' before,' should be construed as meaning ' not later than ' or ' at any time not less than.' "

In *Hammond* v. *Connolly* (63 Tex. 62) the words " within three days before the trial of the cause," contained in the statute, were construed to mean " at least three days before the trial."

In *U. S.* v. *Sena* (15 N. M. 187; 106 Pac. 383, 385) a rule of the court reading " at any time within twenty days before the first day of the term " was construed as meaning " at any time in not less than twenty days."

If these cases set forth the true rule, and I am inclined to that view, then the words " within one week before a general or special election " must mean " at least one week before a general or special election " or " at any time in not less than one week before a general or special election." This construction of the statute is reasonable and makes its operation practicable. To determine otherwise would be to hold in effect the Legislature intended to place it within the power of a party official a few days or a few hours before a general election to remove all the election officers and substitute new ones.

It was stated upon the argument that the decision upon this motion will affect the status of nearly 1,300 election officers similarly situated in the borough of Queens. Their counsel has filed a brief *amicus curiæ*. Therefore, if petitioner were to prevail at this late date — eighteen days before election day — it would result in the removal of this large number of officers, all of whom have served during registration, and the reinstatement of a like number of new officers. It is doubtful if this could be accomplished in so short a time without resulting in great confusion at the polls and perhaps the disfranchisement of many electors. This is a peril that far transcends in importance the material loss of the deposed officers.

Motion denied.