TORBERT, Chief Justice.
On October 1, 1970 appellees, Sam L. Friedman and others, entered into a lease agreement whereby appellees granted the exclusive right to Republic Products, a corporation, to mine and remove coal from approximately 2,840 acres of the appellees’ land in Tuscaloosa County, Alabama. Appellant, The Drummond Company, became the successor lessee to the lease agreement through merger with Republic Products.
The lease contains the following provision for terms and renewal:
“. . . for and during the initial term of five (5) years, beginning on the First day of October, 1970, and for five (5) consecutive extended terms of five (5) years each, the renewal of each extended term to be at the option of the lessee, with each extended term to be renewed within six months prior to the expiration of the preceding initial term . . .”
On August 13, 1975, one and one-half months prior to the expiration date of the initial term of the lease, appellant sent Friedman a letter notifying him and the other appellees that appellant was exercising its right to renew the lease. This letter was the first notice of extension given by The Drummond Company to Friedman.
Friedman and the other appellees filed a declaratory judgment action against appellant on December 19, 1975. Appellees alleged that appellant did not have the right to renew the lease for an additional five-year term because of failure to give notice of renewal not less than six months prior to the expiration of the first five-year term.
The trial court heard the case without a jury on the pleadings, stipulations, and exhibits of the parties. Judgment was rendered for Friedman and the other appellees on November 29, 1976. The trial court decree stated that The Drummond Company had not given timely notice of renewal according to the lease. The court interpreted the provision “to be renewed within six months prior to the expiration of the preceding initial term” as requiring appellant to give notice of renewal not later than six months before the October 1, 1975 expiration date of the initial lease term. We affirm.
The sole issue presented for review is whether or not The Drummond Company timely exercised its option to renew the lease. The controversy between the parties arises over the construction which should be given to the phrase “to be renewed within six months prior to the expiration of the preceding initial term.” Appellant’s contention is that it had the right at any time during the six months next preceding the expiration date of the lease to give notice to Friedman of the exercise of the option. Appellees argue, and the trial court held, that this notice should have been given to Friedman not later than six months before *325 the expiration date. We believe appellees’ construction of the lease provision to be correct.
As noted by the trial court, there are no Alabama decisions directly on point with the present case. However, we are not without guidance for our interpretation of this lease. Courts in other jurisdictions have construed the preposition “within” in conjunction with the phrase “prior to the expiration of” in similar lease agreements.
In Berkow v. Hammer, 189 Va. 489, 53 S.E.2d 1 (1949), the Supreme Court of Virginia construed a renewal provision in a lease which read, in pertinent part, as follows:
“. . . and the exercise of the privilege of this said renewal option to be made known to the said parties . in writing within sixty days prior to the expiration of this Lease.”
Id. at 491, 53 S.E.2d at 2 (emphasis added). The Virginia court, in holding that this language required that notice be given not later than sixty days before the expiration date of the initial term, stated the following:
“Although we have not had occasion heretofore to construe the word ‘within,’ when used in conjunction with the words ‘prior to,’ we do not find the problem of interpretation difficult, viewing the option in the light of options customarily used in leases. So used its meaning is neither unusual nor strained. It is well recognized in law. Courts in other jurisdictions have invariably construed the words to mean ‘not later than.’ Not a single case to the contrary has been cited, and we have been unable to fine [sic] one.”
Id. at 494, 53 S.E.2d at 3.
In Berkow, supra, the Virginia court cited with approval, as did the trial court in the present case, Royal Grocery Co. v. Oliver, 57 Cal.App. 278, 207 P. 61 (1922). In that case, the parties entered into a lease containing an option to renew which provided the following:
“It is further agreed and understood, however, that, in the event the lessee herein, shall fail to give the lessor herein a written notice of its election to exercise this option for a 3-year renewal of this lease within 90 days prior to the expiration of this lease, this option for a 3-year renewal shall thereafter be and become null ...”
Id. at 279, 207 P. at 62 (emphasis added).
The California court held that the above provision required the lessee to give the lessor notice of renewal at least 90 days prior to the expiration date of the lease. The rationale given by that court for this interpretation of “within” and “prior to the expiration of this lease” is as follows:
“The usual purpose of requiring the lessee in any case to give notice of the exercise of an option to renew the lease is that the lessor may not be compelled to wait until the last day of the term of the lease before he may know whether or not the lessee desires to continue to occupy the premises for a further term and thereby take the risk of having his premises remain idle for an indefinite period in the event that said option to renew the lease is not exercised. If appellant’s contention be sustained, it would mean that appellant was not permitted to notify the landlord at any time during the year and nine months it occupied the premises that it desired to and would continue its tenancy after the original term fixed in the lease, but that it was required to wait until ninety days of the expiration of the lease before it could serve such notice. Such a limitation would obviously be to the disadvantage of both parties to the lease, and there appears to be no reason in law or fact why such a provision should have been made. If the option had read ‘within ninety days of the expiration of the lease,’ then there would be some force in appellant’s contention, but the presence of the words ‘prior to’ clearly indicates, we believe, that it was the clear intention of the parties that the notice should be served at least ninety days pri- or to the date on which the lease expired.”
Id. at 280, 207 P. at 62.
The interpretation given by both the Virginia court and the California court to re *326 newal provisions identical to the one in the present case has been consistently accepted in several other jurisdictions. See Annot., 51 A.L.R.2d 1404, 1434 (1957). Therefore, we agree with the trial court’s finding that the appellant failed to give timely notice of renewal and its decree is hereby affirmed.
AFFIRMED.
BLOODWORTH, JONES, ALMON and EMBRY, JJ., concur.